UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN MOTTO,
      Petitioner      :   No. 4:CV-09-1675

   vs.                   :   (Petition Filed 8/28/09)

                          :   (Judge Muir)
WARDEN MARY SABOL,
      Respondent    :

**MEMORANDUM AND ORDER**

January 11, 2010

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Motto challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). The petition is fully briefed and is ripe for disposition. For the reasons set forth below, the petition will be partially granted, in that the Immigration Judge will be directed to consider petitioner's continued detention during the course of his removal proceedings at his February 10, 2010 hearing.

## I.   **Background**

Petitioner, a native and citizen of Kenya, entered the United States on or about February 22, 2000, as a nonimmigrant visitor for pleasure. (Doc. 5, Ex. H, Notice to Appear). On January 14, 2002, Motto's status was adjusted to that of a lawful permanent resident on a conditional basis. Id.

On May 1, 2005, Lancaster County police filed a criminal complaint against Motto, charging him with: two counts of aggravated assault (felony-2)(18 Pa.C.S. § 2702); recklessly endangering another person (18 Pa.C.S. § 2704); resisting arrest (Pa.C.S. § 5104); driving under the influence of alcohol (75 Pa.C.S. § 3802); and summary disorderly conduct (18 Pa.C.S. § 5503). (Doc. 5, Ex. D, Criminal Docket No. CP-36-CR-2810-2005).

On April 14, 2006, Motto's status was terminated because he did not comply with the joint filing requirement and he did not qualify for a waiver because he was not divorced. (Doc. 5, Ex. H, Notice of Action).

On November 2, 2006, Motto pled guilty in the Court of Common Pleas for Lancaster County, to all the charges included in the criminal information filed against him based on the May

2

1, 2005 criminal complaint. (Doc. 5, Ex. D, Criminal Docket No. CP-36-CR-2810-2005). He was sentenced as follows:

> (a) Count 1 - aggravated assault - a split sentence with a jail component of not less than time-served nor more than 23 months to be followed by a consecutive probationary period of one year;
>
> (b) Count 2 - aggravated assault - a split sentence with a jail component of not less than time-served nor more than 23 months to be followed by a consecutive probationary period of one year;
>
> (c) Count 3 - recklessly endangering - one year of probation;
>
> (d) Count 4 - resisting arrest - one year of probation;
>
> (e) Count 5 - DUI - six months probation;
>
> (f) Count 6 - summary disorderly conduct - costs of prosecution.

Id. The county court directed that the sentences on Counts 1,2,3 and 4 were to run concurrently and that the six months probation on Count 5 was to run consecutively to the other sentences. Id. Motto had served two months in jail before posting bail and was not incarcerated on the date of sentencing. Id. Motto was released on parole on the date of sentencing. Id.

On April 9, 2008, Motto was incarcerated in the Lancaster County Prison after being charged with violating his parole. Id.

3

In a Notice to Appear dated April 28, 2008, petitioner was charged with removability pursuant to Section 237(a)(1)(D)(i) of the Immigration and Nationality Act ("INA"), as amended, as an alien lawfully admitted for permanent residence on a conditional basis under Section 216 or 216A of the Act and whose status was terminated under such respective section; Section 237(a)(2)(A)(i) of the INA, as an alien convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed; and Section 237(a)(2)(A)(iii) of the INA, as an alien convicted of an aggravated felony as defined in section 101(a)(43)(F) of the INA, a crime of violence for which the term of imprisonment ordered is at least one year. (Doc. 5, Ex. H, Notice to Appear). The Notice to Appear was based on petitioner's November 2, 2006 guilty plea. Id.

On April 28, 2008, pursuant to section 236(c) of the INA, ICE took Motto into custody, pending a final determination of his case by the immigration judge. (Doc. 5, Ex. H, Notice to Appear).

On October 30, 2008, petitioner appeared before an Immigration Judge for a bond determination. Id. In a decision

dated November, 19, 2008, the Immigration Judge found that he lacked jurisdiction to redetermine the conditions of Motto's custody status, inasmuch as Motto falls within the classes of aliens subject to mandatory detention pursuant to section 236(c)(1) of the INA, 8 U.S.C. § 1226(c)(1). Id. Petitioner filed an appeal to the Board of Immigration Appeals (BIA).

On December 1, 2008, Motto filed a Petition for Relief under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"), in the Lancaster County Court of Common Pleas. (Doc. 5, Ex. D, Criminal Docket).

By Order dated January 14, 2009, the BIA affirmed the decision of the Immigration Judge and dismissed Motto's immigration appeal. See Motto v. District Director, Ice, Civil Action No. 4:CV-09-0495 (M.D. Pa. April 7, 2009(Muir,J.)).

On February 23, 2009, Motto filed a Motion to Dismiss Charges and Terminate Removal Proceedings. See Motto v. District Director, Ice, Civil Action No. 4:CV-09-0495 (M.D. Pa. April 7, 2009(Muir,J.)).

On April 24, 2009, Motto filed an application for asylum. (Doc. 5, Ex. O, I-589 Application).

On August 28, 2009, petitioner filed the instant petition for writ of habeas corpus in which he challenges his continued detention. (Doc. 1, petition).

On September 4, 2009, at petitioner's request, ICE conducted a review of Motto's case for parole. (Doc. 5, Ex. K, Review for Release). The ICE Field Director recommended that Motto be detained, noting "mandatory detention, person poses a threat to community." Id.

On September On September 17, 2009, the ICE Field Office Director denied Motto's request for release on parole, explaining his decision as follows:

> On November 2, 2006, you were convicted . . . for the offense of Aggravated Assault, to which a term of a minimum of 53 days to a maximum of 23 months of incarceration was imposed. You were also on the same date and in the same court convicted of Recklessly Endangering Another Person, to which a term of one year or longer may be imposed. ICE understands that you are appealing the sentencing length that was imposed. Mr. Motto your appeal is not a direct appeal of the Criminal Conviction. You have no appealable issues for a direct appeal. Your appeal has not been decided at this time and once the appeal is decided you will still be removable under 237(a)(2)(A)(I), Crime involving Moral Turpitude, committed within 5 years of entry, to which a sentence of 1 year or longer may be imposed. If the appeal is granted . . . you will still be required to remain in custody at this time.

> Under the Immigration and Customs Enforcement guideline for detention you are considered a mandatory detention case. This includes any alien, regardless of status, who (a) completed a criminal sentence . . . based on a conviction which constitutes a removable offense, regardless of the date of such conviction, and (b) is currently in ICE custody or comes into ICE custody in the future, regardless of whether or not ICE has taken custody immediately upon his release from criminal incarceration, remains subject to mandatory detention under Section 236(c) of the INA.

(Doc. 5, Ex. L, Denial Letter).

On November 12, 2009, the Immigration Judge denied Motto's request for a change in custody status, finding that "respondent has failed to show not a danger to the community." (Doc. 5, Ex. M, Order of Immigration Judge). A removal hearing for Motto's case is currently scheduled for February 10, 2010. (Doc. 5, Ex. N, Notice of Hearing in Removal Proceedings).

## II. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of

aliens on bond, § 1226(c)(1) states that "The Attorney General shall take into custody any alien who ... (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1).

Respondent takes the position that petitioner is subject to mandatory detention under 236(c) during the entire course of his removal proceedings, regardless of the duration of the proceedings. (Doc. 5, at 24.) Petitioner argues that he has been incarcerated by the immigration authorities since April, 2008, even though he poses no significant danger of flight risk, while he has challenged the Government's efforts to remove him. During this entire period of his imprisonment, petitioner has had one hearing, at petitioner's request, to determine whether his prolonged detention is justified. He contends that his prolonged detention violates both the Immigration and Nationality Act (INA) and the Constitution. (Doc. 1, petition.) He seeks his immediate release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which respondents bear the burden of establishing his continued detention is justified. Id.

8

The United States Supreme Court held in Demore v. Kim, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings. See id., 538 U.S. at 523-524. Significantly, the Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," id. 526, 529 n. 12, 531, and "temporary," id. at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due process required by the Constitution and the statutory purposes of the INA.

9

The growing consensus within this district and, indeed it appears throughout the federal courts, is that the prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. See, e.g., Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir.2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir.2003); Lawson v. Gerlinski, 332 F.Supp.2d 735, 744-46 (M.D.Pa.2004); Prince v. Mukasey, 593 F.Supp.2d 727, 734 (M.D.Pa.2008); Madrane v. Hogan, 520 F.Supp.2d 654 (M.D.Pa.2007). Although mandatory detention under § 1226(c) serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, prolonged detention contravenes the intent of Congress that such proceedings proceed expeditiously. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir.2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens").

Based on review of the record of the removal proceedings that have been conducted to date, this Court concludes that although the removal proceedings have not taken an "unreasonably long time," Ly, 351 F.3d at 268, the length of petitioner's

10

detention, twenty months, is approaching a duration that is problematic. Thus, ICE will be directed to specifically address petitioner's continued detention at the February 10, 2010 hearing. At that hearing, the Immigration Judge should require that the proceeding move in an expeditious manner. The Immigration Judge should also require the government to provide specific reasons why the continuation of petitioner's somewhat lengthy detention is justified by bearing the burden of proving the petitioner to be a flight risk or danger to the community. See Wilks v. DHS, Civil Action No. 1:07-CV-2171, 2008 WL 4820654 at *3 (M.D.Pa. Nov.3, 2008) (Caldwell, J.). An appropriate Order accompanies this Memorandum Opinion.

                                  s/Malcolm Muir
                                  MUIR
                                  United States District Judge

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
                                  :
STEPHEN MOTTO,                    :
          Petitioner              :   No. 4:CV-09-1675
                                  :
     vs.                          :   (Petition Filed 8/28/09)
                                  :
                                  :   (Judge Muir)
DISTRICT DIRECTOR, ICE,           :
                                  :
          Respondent              :
```

**ORDER**

January 11, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of corpus is **PARTIALLY GRANTED** to the extent that the Immigration Judge shall consider petitioner's continued detention during the course of his removal proceedings at his February 10, 2010 hearing and the government shall have the burden of proving that petitioner is a flight risk or a danger to the community.

2. The petition is **DENIED** in all other respects.

3. The Clerk of Court is directed to **CLOSE** this case.

                           s/Malcolm Muir
                           MUIR
                           United States District Judge